**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ARIEL MAGALLON, | : | |
| | : | |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | **NOTICE AND PETITION FOR** |
| | : | **REMOVAL** |
| MERCEDES BENZ USA, MERCEDES | : | |
| BENZ OF MANHATTAN, JOHN | : | |
| MOUTOPOULOS, JOHN DOES 1-10 | : | |
| (FICTITIOUS NAMES REPRESENTING | : | |
| UNKNOWN INDIVIDUALS) AND XYZ | : | |
| CORPS. 1-10 (FICTITIOUS NAMES | : | |
| REPRESENTING UNKNOWN ENTITIES), | : | |
| | : | |
| Defendants. | : | |

TO:    Melissa E. Rhoads, Esq., Clerk of Court
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Paul Faugno, Esq.
Faugno Weis Katcher Duarte, LLC
235 Main Street, Suite 101
Hackensack, NJ 07601
P. (201) 488-1234
Email: Paul@FWKDLaw.com
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Mercedes-Benz USA, LLC

(improperly pled as "Mercedes-Benz USA"), Mercedes-Benz Manhattan, Inc. (improperly pled as

"Mercedes-Benz of Manhattan"), and John Moutopoulos ("Mr. Moutopoulos") (collectively,

"Defendants") respectfully submit this Notice and Petition for Removal and remove this case from

the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. BER-L-

6734-25, to the United States District Court for the District of New Jersey.  The grounds for this removal are as follows:

## INTRODUCTION

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This case may therefore be removed pursuant to 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

2.      On October 8, 2025, Plaintiff Ariel Magallon ("Plaintiff") filed a civil action in the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. BER-L-6734-25, entitled *Ariel Magallon v. Mercedes Benz USA, et al.* (hereinafter the "Action").  A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

3.      On November 4, 2025, Plaintiff served copies of the Summons and Complaint on Defendants.

4.      This notice and petition for removal is timely filed within the provisions of 28 U.S.C. § 1446(b).  Defendants effected removal within thirty (30) days of receipt of a paper from which it could first be ascertained that this action is removable.  See 28 U.S.C. § 1446.

## REMOVAL BASED ON DIVERSITY JURISDICTION

5.      This action is removable to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 because it involves a controversy between citizens of different states.

6.      According to the Summons and Complaint, Plaintiff is a citizen of New Jersey.  See Ex. A, Complaint at ₽ 1.

2

7.      Mercedes-Benz USA, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Georgia.[1]  The sole member of Mercedes-Benz USA, LLC is Mercedes-Benz North America Corporation, which is incorporated in the State of Delaware and headquartered in Michigan.  Therefore, Mercedes-Benz USA, LLC is a citizen of Delaware and Michigan.

8.      Mercedes-Benz Manhattan, Inc. is a corporation incorporated in the State of Delaware with its principal place of business located in New York. Therefore, Mercedes-Benz Manhattan, Inc. is a citizen of Delaware and New York.

9.      Mr. Moutopoulos is a citizen of New York.

10.      This matter is one over which this Court has original jurisdiction.  Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

11.      Diversity of citizenship existed among the parties when Plaintiff's Complaint was served.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

12.      The matter in controversy exceeds $75,000.00, for the following reasons:

a.      This Action involves claims of hostile work environment (and aiding and abetting liability) under the New Jersey Law Against Discrimination ("LAD") and retaliation under the New Jersey Conscientious Employee Protection Act ("CEPA"). Plaintiff also asserts several common law claims, including intentional infliction of emotional distress; negligent hiring,

---

[1] Mercedes-Benz USA, LLC is, and has always been, registered as a Delaware limited liability company. Its current corporate headquarters and principal place of business is located at One Mercedes-Benz Drive in Sandy Springs, Georgia. The Sandy Springs location became the company's principal place of business on or about March 19, 2018. Between July 1, 2015, and March 19, 2018, MBUSA's principal place of business was located in Atlanta, Georgia. Prior to July 1, 2015, MBUSA's principal place of business, including that of its predecessor companies, was in New Jersey.

3

retention, and supervision; "*respondeat superior*"; and wrongful termination in violation of public policy.  Exhibit A.

b.      In the Action, Plaintiff demands judgment against Defendants for compensatory damages, including alleged emotional distress, which she claims includes "severe emotional distress, mental anguish, embarrassment, and harm."  Exhibit A, at Wherefore Clauses. In addition, based on Plaintiff's date of termination, on or around March 22, 2024 (Exhibit A, ¶ 25), she has more than one and a half years of potential backpay damages through the date of this notice and petition for removal.

c.      Plaintiff's Complaint also seeks recovery of attorneys' fees, a statutorily available remedy under both the LAD and CEPA, which are to be included when considering the amount in controversy.  *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 163 n.2 (3d Cir. 2007) ("[W]hen state law provides for the recovery of attorneys' fees by a successful plaintiff, those fees must be considered in calculating the jurisdictional amount in controversy.") (citations omitted).  The LAD and CEPA also provide for potential enhancement of attorneys' fees.

d.      Plaintiff's Complaint also seeks an award of punitive damages, a statutorily available remedy under both the LAD and CEPA, which are to be included when considering the amount in controversy.  *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943).

e.      Given that Plaintiff's Complaint seeks, *inter alia*, alleged compensatory damages, attorneys' fees (with potential enhancement), and punitive damages, the amount in controversy in this matter exceeds the jurisdictional threshold of $75,000.00.

13.    Therefore, the United States District Court for the District of New Jersey has subject matter jurisdiction under 28 U.S.C. §1332(a) because this is a civil action in which there

FP 60335916.2

is complete diversity between Plaintiff and Defendants and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.    Consequently, this Action is removable to Federal Court pursuant to 28 U.S.C. § 1441.

## VENUE

15.    Pursuant to 28 U.S.C. § 1441(a) venue lies in the United States District Court for the District of New Jersey because this Action is currently pending in the Superior Court of New Jersey, Law Division, Bergen County, which is within the judicial district and division.

## NOTICE

16.    Defendants have not filed an answer or other pleading in the Superior Court of New Jersey.

17.    In filing this Notice and Petition for Removal, Defendants do not waive any defenses to the claims asserted by Plaintiff or concede Plaintiff has pleaded claims upon which relief can be granted.

18.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice and Petition for Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, and is being served upon Plaintiff's counsel of record.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

FP 60335916.2

Dated:    December 4, 2025        By:   _____

ELIZA L. LLOYD, ESQ.
**FISHER & PHILLIPS LLP**
400 Connel Drive, Suite 4000
Berkeley Heights, New Jersey 07922
Phone:  (908) 516-1050
Facsimile:  (908) 516-1051
E-mail:  elloyd@fisherphillips.com
Attorneys for Defendants

6

# EXHIBIT A

Paul Faugno, Esq.- Attorney ID: 006321985
**FAUGNO WEIS KATCHER DUARTE, LLC**
235 Main Street, Suite 101
Hackensack, New Jersey 07601
Office: 201-488-1234
Fax:    201-488-3100
Email: paul@fwkdlaw.com
Attorneys for Plaintiff

| | |
|---|---|
| ARIEL MAGALLON,<br><br>    Plaintiff(s),<br><br>vs.<br><br>MERCEDES BENZ USA, MERCEDES BENZ OF MANHATTAN, JOHN MOUTOPOULOS, JOHN DOES 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS) AND XYZ CORPS. 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN ENTITIES),<br><br>    Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-<br><br>*Civil Action*<br><br>**COMPLAINT<br>AND JURY DEMAND** |

## INTRODUCTORY STATEMENT

This is a civil action brought by Plaintiff Ariel Magallon, a former employee of Mercedes-Benz USA, LLC, who was wrongfully terminated in retaliation for reporting and objecting to unlawful and unethical behavior in the workplace, including harassment, intimidation, and discrimination by a senior manager, John Moutopoulos. Plaintiff seeks compensatory, punitive, and equitable relief for violations of New Jersey's Conscientious Employee Protection Act, public policy, and other applicable state laws. Plaintiff also names fictitious individual and corporate defendants designated as John Does 1-10 (fictitious names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities), whose

-1-

BER-L-006734-25  10/08/2025 9:54:59 AM  Pg 2 of 11  Trans ID: LCV20252735297

identities are currently unknown but who may be responsible, in whole or in part, for the events described herein.

Plaintiff, by way of Complaint against Defendants, says:

## PARTIES

1. Plaintiff, Ariel Magallon, is a citizen and resident of the State of New Jersey, and was employed by Mercedes-Benz USA, LLC from August 2021 until her termination on March 22, 2024.

2. At all times relevant to the allegations herein, Plaintiff was employed by Defendant Mercedes Benz of Manhattan, which is owned and operated by Mercedes Benz USA, with its headquarters in Montvale, New Jersey.

3. John Does 1-10 (fictitious names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities), are and at all times material hereto is an individual(s) and/or business entity employed by Mercedes-Benz.

4. At all times relevant to the allegations herein, Defendant Mercedes Benz of Manhattan is engaged in the sale, lease and servicing of new and pre-owned Mercedes Benz vehicles.

5. At all times relevant to the allegations herein, Defendants employed more than 15 employees.

6. At all times relevant to the allegations herein, Defendants Mercedes Benz of Manhattan, by and through each Defendant named in the caption thereunder, owned, operated, controlled, or employed the entities and agents that caused harm upon Plaintiff.

7. At all times relevant to the allegations herein, Defendant Mercedes Benz of Manhattan, acted by and through their authorized agents, servants and/or employees

-2-

acting within the course and scope of their employment with Defendant Mercedes Benz USA and in furtherance of Defendants' business and economic interests that caused harm upon Plaintiff.

8.  At all times materials hereto, Defendants Mercedes Benz USA and/or Mercedes Benz of Manhattan acted as an "employer" within the meaning of the statutes which form the basis of this matter.

9.  At all times material hereto, Plaintiff was an employee of Defendant Mercedes Benz of Manhattan and/or Mercedes Benz USA within the meaning of the statutes which form the basis of this matter.

10. Defendant John Moutopoulos ("Defendant Moutopoulos") is an individual employed by Mercedes-Benz USA, LLC, and was the General Manager at the location where Plaintiff worked during the time in question.

## STATEMENT OF FACTS

11. Plaintiff repeats the allegations set forth in the Factual Background section of this Complaint as if set forth at length herein.

12. Plaintiff was hired by Mercedes-Benz in August 2021 and successfully completed a 13-month training program, earning promotions and performance-based compensation increases in each year of employment.

13. In or around December 2023, management at Mercedes-Benz announced facility renovations and began laying off and terminating employees.

14. Plaintiff expressed concern during a lengthy meeting with her manager about the dismissals of colleagues, particularly where it appeared to affect employees unfairly.

-3-

15. Shortly thereafter on or about January 2024, Defendant Mercedes-Benz hired a new General Manager, Defendant Moutopoulos, who fostered a hostile, intimidating environment.

16. Defendant Moutopoulos created an intimidating workplace by stating he had "informants" and engaging in and/or allowing inappropriate and possibly unlawful conduct.

17. More specifically, multiple women reported Defendant Moutopoulos taking unauthorized photographs of them.

18. One such female employee reported the conduct and resigned shortly after reporting his conduct.

19. Defendant Moutopoulos also ridiculed an employee with a hearing impairment.

20. On or about February 29, 2024, Defendant Moutopoulos, while in the scope of his employment, made shocking and inappropriate comments regarding Service Manager Franco Savo, who is hard of hearing. Defendant Moutopoulos, in the presence of other employees, stated that Franco had "selective hearing" and sarcastically repeated the phrase "Give it away Franco" three times while Franco appeared confused and unaware. Defendant Moutopoulos then approached a colleague, "Jessica", and said, "That was a good one, right?" and continued laughing and joking about the incident. "Jessica" then relayed the incident to another colleague, "Jonathan", laughing and saying, "funniest shit just happened right now," and joked about putting the phrase on a shirt. Two other colleagues overheard Defendant Moutopoulos, "Jessica", and "Jonathan" joking and remarked that the behavior was inappropriate and not funny.

21. Plaintiff, disturbed by the behavior, placed a discreet note asking management to, "Give it away, John, lead by example."

-4-

22. Upon seeing the note, Defendant Moutopoulos angrily investigated the incident, reviewed security footage, and publicly confronted Plaintiff.

23. While publicly confronting Plaintiff, John Moutopoulos belittled her background and character, and retaliated against her for objecting to misconduct.

24. More specifically, Defendant Moutopoulos told Plaintiff she lacked proper "structure," and criticized for speaking up.

25. Plaintiff was subsequently sent home from work and soon after was terminated without valid cause on or about March 22, 2024.

26. Plaintiff's termination was pretextual and in direct retaliation of protected activity under New Jersey law when she opposed unlawful, inappropriate conduct and/or unethical practices and was retaliated against for doing so.

**FIRST CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF THE**
**CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)**

28. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

29. Plaintiff objected to, disclosed, and refused to participate in activities she reasonably believed were unlawful and/or against public policy.

30. Plaintiff's objections were a substantial factor in the decision to terminate her.

31. As a direct and proximate result of the Defendants' unlawful retaliation, Plaintiff suffered damages, including lost wages and benefits, emotional distress, reputational harm, economic loss, and other compensatory damages.

**SECOND CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

32. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

-5-

33. Plaintiff was terminated in violation of a clear mandate of public policy protecting employees who report or oppose misconduct.

34. Defendants' actions were willful, wanton, and malicious.

35. As a direct and proximate result of the Defendants' unlawful retaliation, Plaintiff suffered damages, including lost wages and benefits, emotional distress, reputational harm, economic loss, and other compensatory damages.

## THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER NJLAD

28. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

29. Plaintiff was subjected to a pattern of conduct by her manager that created a hostile work environment based on gender and/or opposition to discrimination.

30. Defendants failed to prevent or remedy the environment, despite being on notice.

31. Plaintiff was constructively or actually discharged due to the hostile work environment.

32. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff suffered damages, including lost wages and benefits, emotional distress, reputational harm, economic loss, and other compensatory damages.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISRESS

33. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

34. Defendants' conduct was extreme, outrageous, and intended to cause Plaintiff emotional harm.

35. As a result, Plaintiff has suffered severe emotional distress requiring medical treatment.

-6-

36. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff suffered damages, including lost wages and benefits, emotional distress, reputational harm, economic loss, and other compensatory damages.

## FIFTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR

37. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

38. At all relevant times, Defendant Moutopoulos and/or John Does 1-10 (fictitious names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities), was/were acting within the scope of their employment and authority as an agent, servant, and/or employee of Defendant Mercedes-Benz USA, LLC and/or Mercedes Benz of Manhattan.

39. Defendants Mercedes-Benz USA, LLC and/or Mercedes Benz of Manhattan are vicariously liable for the wrongful acts and omissions of its employee, Defendant Moutopoulos and/or John Does 1-10 (fictitious names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities), under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION
### NEGLIGENT HIRING, RETENTION, AND SUPERVISION

40. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

41. Defendants Mercedes-Benz USA, LLC and/or Mercedes Benz of Manhattan owed a duty to its employees, including Plaintiff, to hire, retain, and supervise competent and professional managerial staff.

42. Defendants Mercedes-Benz USA, LLC and/or Mercedes Benz of Manhattan knew or should have known that Defendant Moutopoulos and/or John Does 1-10 (fictitious

names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities), engaged in inappropriate, discriminatory, and retaliatory conduct toward staff, including Plaintiff.

43. Despite actual or constructive knowledge of such conduct, Defendants Mercedes-Benz USA, LLC and/or Mercedes Benz of Manhattan failed to take appropriate remedial action to discipline or remove him.

44. As a direct and proximate result of Defendants Mercedes-Benz USA, LLC and/or Mercedes Benz of Manhattan negligent hiring, supervision, and retention, Plaintiff suffered damages, including emotional distress and economic loss.

## SEVENTH CAUSE OF ACTION
### INDIVIDUAL LIABILITY OF JOHN DOES 1-10 AND XYZ CORPS. 1-10 UNDER NJLAD

42. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

43. At all relevant times, Defendants John Does 1-10 (fictitious names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities), was a supervisor or person(s) in authority over Plaintiff and other employees.

44. John Does 1-10 (fictitious names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities), personally participated in the creation and perpetuation of a hostile work environment by engaging in inappropriate and discriminatory conduct based on gender and disability, and by retaliating against Plaintiff for objecting to such conduct.

45. John Doe's actions are individually actionable under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 et seq.

-8-

46. As a result of John Does 1-10 (fictitious names representing unknown individuals) and XYZ Corps. 1-10 (fictitious names representing unknown named entities) conduct, Plaintiff suffered emotional distress, humiliation, economic harm, and other damages.

## EIGTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY JOHN DOES 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS) AND XYZ CORPS. 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN NAMED ENTITIES)

47. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

48. John Does 1-10 and XYZ Corps. 1-10, engaged in extreme and outrageous conduct, including mocking a disabled colleague, creating an atmosphere of intimidation and surveillance, and retaliating against Plaintiff for opposing such behavior.

49. John Does 1-10 and XYZ Corps. 1-10 intended to cause emotional distress or acted with reckless disregard of the high probability that his actions would cause Plaintiff severe emotional distress.

50. As a direct and proximate result of John Does 1-10 and XYZ Corps. 1-10's conduct, Plaintiff experienced severe emotional distress, mental anguish, embarrassment, and harm.

## PRAYER FOR RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in his favor against Defendants on all counts, awarding compensatory and punitive damages, and also awarding court costs, attorney's fees, and any other relief that the Court deems just and appropriate.

-9-

**FAUGNO WEIS KATCHER DUARTE, LLC.**
Attorneys for Plaintiff, Ariel Magallon

Dated: October 8, 2025

BY:   Paul Faugno
For the Firm

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendants disclose to Plaintiffs' attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiffs' attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of six (6) on all issues as permitted by law.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Paul Faugno, Esq. as trial counsel in this matter.

## CERTIFICATION

Pursuant to R. 4:5-1(b)(2), it is hereby stated that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above

-10-

action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an Amended Certification if there is a change in the facts stated in this original certification.

**FAUGNO WEIS KATCHER DUARTE, LLC.**
Attorneys for Plaintiff, Ariel Magallon

Dated: October 8, 2025

*Paul Faugno*

BY:   Paul Faugno, Esq.

-11-

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-006734-25

**Case Caption:** MAGALLON ARIEL  VS MERCEDES BENZ USA

**Case Initiation Date:** 10/08/2025

**Attorney Name:** PAUL A FAUGNO

**Firm Name:** FAUGNO WEIS KATCHER DUARTE, LLC.

**Address:** 235 MAIN ST STE 101
HACKENSACK NJ 07601

**Phone:** 2014881234

**Name of Party:** PLAINTIFF : Magallon, Ariel

**Name of Defendant's Primary Insurance Company
(if known):** None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** Ariel Magallon? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO  Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/08/2025
Dated

/s/ PAUL A FAUGNO
Signed